Jason Crews
1515 N Gilbert Rd Ste 107-204
Gilbert, AZ 85234
602-295-1875
Jason.crews@gmail.com

*In propria persona.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:25-cv-00572-PHX-SPL |
| Plaintiff, | |
| vs. | Plaintiff's *Ex Parte* Motion for |
| The Allstate Corporation, | Reconsideration of this Court's Order |
| | Denying Plaintiff's Request for Permission |
| Defendant. | to Electronically File Documents (Doc. 8) |
| | |
| | DEMAND FOR JURY TRIAL |

Plaintiff Jason Crews, proceeding pro se, pursuant to Local Rules of Civil Proccedure ("L.R. Civ") 7.2(g) respectfully moves this Court to reconsider its Order dated February 24, 2025 (Doc. 8) denying Plaintiff's Motion to Allow Electronic Filing. This Motion for Reconsideration is based on the following grounds:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff respectfully requests that this Court reconsider its denial of Plaintiff's Motion to Allow Electronic Filing. As detailed below, Plaintiff has experience with electronic filing in federal courts, has demonstrated competence in the vast majority of his electronic filings, and would face significant obstacles in pursuing this case without electronic filing access.

1

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE 5-4
(Rule Number/Section)

## II. ARGUMENT

### A. Plaintiff Has Demonstrated Competence with Electronic Filing Systems

While Plaintiff acknowledges that he is not a trained attorney, he has experience with electronic filing in federal courts. Plaintiff has been granted permission to electronically file in thirty-three (33) different federal cases within the District of Arizona, one in each of the Eastern District of New York and Northern District of Illinois. To the best of his knowledge in this extensive history of electronic filing, Plaintiff has only made electronic filing errors in one instance.

Specifically, in this instance, Plaintiff erroneously filed summons documents alongside a first amended complaint in a single docket entry, rather than submitting the summons as separate docket entries under "Summons Submitted". This minor technical error has not resulted in any substantive problems for the courts in question, was immediately resolved once brought to Plaintiff's attention, and Plaintiff has now identified this issue and commits to avoiding this error in the future.

Plaintiff has diligently reviewed the "District of Arizona's ECF Administrative Policies and Procedures Manual," the "Local Rules of Practice for the District of Arizona," and the Court's "General Orders" to ensure compliance with all applicable requirements. Despite these efforts, Plaintiff was unable to locate specific instructions regarding the proper docketing of summons documents. Nevertheless, Plaintiff is committed to learning from this experience and to ensuring proper electronic filing practices.

### B. Lack of Electronic Filing Access Creates Substantial Obstacles to Justice

The inability to file electronically creates significant practical challenges for Plaintiff that may substantially impede his access to justice. This is particularly concerning in Telephone Consumer Protection Act (TCPA) cases like this one, where the statutory damages are often insufficient to attract attorney representation, making pro se litigation the only viable path to pursue legal remedies.

Although Plaintiff is not a trained attorney, he strives to follow all applicable rules and to produce filings of the highest possible quality. This process is challenging and time-

consuming, frequently requiring Plaintiff to utilize the full time allotted for drafting, editing, and filing the required documents. Without electronic filing access, Plaintiff will be forced to choose between:

1. Reducing the quality of his filings to accommodate mail delivery timeframes;
2. Regularly requesting extensions from the Court, which will themselves be delayed through mail filings; or
3. Risking missed deadlines due to mail delivery delays outside of Plaintiff's control.

These obstacles create an undue burden on Plaintiff's ability to effectively pursue his case and may ultimately impede his access to justice.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court reconsider its Order denying electronic filing access. Plaintiff has demonstrated substantial competence in electronic filing across numerous federal cases, has identified and committed to resolving the minor technical errors previously made, and would face significant obstacles in pursuing this case without electronic filing access.

RESPECTFULLY SUBMITTED on this February 24, 2025.

_____
Jason Crews

3