Amanda E. Newman (#032462)
anewman@dickinsonwright.com
Turner S. Smith (#038889)
tssmith@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax:    (844) 670-6009
Firm Email: courtdocs@dickinsonwright.com
*Attorneys for Defendant Allstate Insurance Company*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>    Plaintiff,<br>vs.<br><br>The Allstate Corporation,<br><br>    Defendant. | Case No. 2:25-CV-00572-PHX-SPL<br><br>**DEFENDANT ALLSTATE CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>(Hon. Steven P. Logan) |

  Defendant Allstate Insurance Company (incorrectly named as Allstate Corporation) ("Allstate"), by and through undersigned counsel, submits its answer to the Complaint filed by Plaintiff Jason Crews.

## PRELIMINARY STATEMENT

  1. To the extent Plaintiff states an allegation in Paragraph 1, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

  2. The allegations contained in Paragraph 2 assert a conclusion of law to which no response is required. To the extent a response is deemed required, Allstate admits only that Plaintiff purports to allege a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

  3. Allstate denies the allegations in Paragraph 3.

4. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 4 and therefore denies the same.

## PARTIES

5. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 5 and therefore denies the same.

6. Allstate admits the allegations contained in Paragraph 6 that The Allstate Corporation is incorporated in Delaware and that it does business as Allstate. Allstate affirmatively alleges that Allstate Insurance Company does business including selling insurance products throughout the United States but denies that its business is limited in scope or method as alleged in Paragraph 6.

## JURISDICTION

7. Allstate admits the allegations in Paragraph 7 that the Court has subject matter jurisdiction.

8. In response to Paragraph 8, Allstate admits only that the Court has personal jurisdiction over Allstate and that Allstate and its representatives doing business in Arizona are licensed to sell insurance by the State of Arizona. Allstate denies that it intentionally called or caused Plaintiff's telephone number to be called and denies that it violated the TCPA. Allstate lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 8 and therefore denies the same.

9. In response to Paragraph 9, Allstate admits only that the Court has personal jurisdiction over Allstate. Allstate denies the remaining allegations asserted in Paragraph 9.

  a. In response to Paragraph 9(a), Allstate admits only that Allstate markets insurance products and regularly conducts business in this District, sometimes by telephone. Allstate affirmatively states that its telemarking practices are compliant with applicable federal and state law. Allstate denies the remaining allegations asserted in Paragraph 9a.

  b. Allstate denies the allegations in Paragraph 9(b).

  c. Allstate denies the allegations in Paragraph 9(c).

  d. Allstate denies the allegations in Paragraph 9(d).

-2-

**VENUE**

10. In response to Paragraph 10, Allstate admits only that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2). Allstate denies the remaining allegations asserted in Paragraph 10.

11. In response to Paragraph 11, Allstate admits only that venue is proper in this District. Allstate denies the remaining allegations asserted in Paragraph 11.

**THE TELEPHONE CONSUMER PROTECTION ACT**

12. Allstate admits the allegation in the Paragraph 12 that the TCPA was enacted in 1991. To the extent Plaintiff states an allegation in the remainder of Paragraph 12, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

13. To the extent Plaintiff states an allegation in Paragraph 13, it is a conclusion of law to which no response is required. Additionally, the statute speaks for itself.

14. To the extent Plaintiff states an allegation in Paragraph 14, it is a conclusion of law to which no response is required. Additionally, the statutes speak for themselves.

15. To the extent Plaintiff states an allegation in Paragraph 15, it is a conclusion of law to which no response is required. Additionally, the statute and regulation speak for themselves.

16. To the extent Plaintiff states an allegation in Paragraph 16, it is a conclusion of law to which no response is required. Additionally, the statute speaks for itself.

17. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 17, as the alleged "findings" are not identified, and therefore denies the same. The allegations in Paragraph 17 also appear to be a conclusion of law to which no response is required.

18. To the extent Plaintiff states an allegation in Paragraph 18, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

19. To the extent Plaintiff states an allegation in Paragraph 19, it is a conclusion of law to which no response is required. Additionally, the cited material (which appears to have been included in Paragraph 20 by mistake) speaks for itself.

20. To the extent Plaintiff states an allegation in Paragraph 20, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

21. To the extent Plaintiff states an allegation in Paragraph 21, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

22. To the extent Plaintiff states an allegation in Paragraph 22, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

23. To the extent Plaintiff states an allegation in Paragraph 23, it is a conclusion of law to which no response is required. Additionally, the cases speak for themselves.

## FACTUAL ALLEGATIONS

24. Allstate denies the allegation in Paragraph 24.

25. Allstate denies the allegation in Paragraph 25.

26. Allstate admits that Plaintiff did not have a business relationship with Defendant during the time period alleged in the Complaint (November 2022 to present). At this time, Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations about whether Plaintiff _ever_ had a business relationship with Defendant.

27. Allstate admits the allegation in Paragraph 27.

28. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 28 and therefore denies the same.

29. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 29 and therefore denies the same.

30. Allstate denies the allegations in Paragraph 30.

31. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 31 and therefore denies the same.

32. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 32 and therefore denies the same.

33. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 33 and therefore denies the same.

34. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 34 and therefore denies the same.

35. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 35 and therefore denies the same. Allstate denies that any such alleged calls were made by Allstate.

36. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 36 and therefore denies the same. Allstate denies that any such alleged calls were made by Allstate.

37. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 37 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

38. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 38 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

39. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 39 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

40. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 40 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

41. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 41 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

42. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 42 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

43. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 43 and therefore denies the same. Allstate denies that the alleged call was made by Allstate.

44. Allstate denies the allegations in Paragraph 44.

45. Allstate denies the allegation in Paragraph 45.

46. Allstate denies the allegation in Paragraph 46.

47. Allstate denies the allegation in Paragraph 47.

48. Allstate denies the allegations in Paragraph 48 and notes that Allstate does not provide "debt relief services," nor are such services at issue in this case.

49. Allstate denies that it or any of its agents conducted calls using an Automatic Telephone Dialing System ("ATDS"). To the extent Plaintiff states an allegation in the remainder of Paragraph 49, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

50. To the extent Plaintiff states an allegation in Paragraph 50, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

51. To the extent Plaintiff states an allegation in Paragraph 51, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

52. Allstate denies the allegations in Paragraph 52. Allstate denies that the alleged calls were made by Allstate.

53. In response to Paragraph 53, Allstate denies that the alleged calls were made by Allstate. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's allegation that audible pauses, clicks, and beeps are hallmark indicia of ATDS systems and therefore denies the same. To the extent Plaintiff states an allegation in the remainder of Paragraph 53, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

54. To the extent Plaintiff states an allegation in Paragraph 54, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

55. In response to Paragraph 55, Allstate denies that the alleged calls were made by

Allstate, and denies that it conducted calls using an ATDS. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations asserted in Paragraph 55 and therefore denies the same.

56. In response to Paragraph 56, Allstate denies that the alleged calls were made by Allstate, and denies that it conducted calls using an ATDS. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of Plaintiff's allegation that he is ignorant of the exact processes by which the systems used by Allstate operates. To the extent Plaintiff states an allegation in the remainder of Paragraph 53, it is a conclusion of law to which no response is required. Additionally, the cases speak for themselves.

57. Allstate denies the allegations in Paragraph 57.

58. Allstate denies the allegations in Paragraph 58.

59. Allstate denies the allegations in Paragraph 59.

60. Allstate denies the allegations in Paragraph 60.

61. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 61 and therefore denies the same

62. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 62 and therefore denies the same.

63. Allstate denies the allegations in Paragraph 63 and further denies that the alleged calls were made by Allstate.

64. Allstate denies the allegations in Paragraph 64 and further denies that the alleged calls were made by Allstate.

65. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 65 and therefore denies the same. Allstate notes that there is no "Defendant Addie" named in this lawsuit.

66. Allstate denies the allegations in Paragraph 66 and further denies that the alleged calls were made by Allstate.

67. Allstate denies the allegations in Paragraph 67 and further denies that the alleged calls were made by Allstate.

1  68. Allstate denies the allegations in Paragraph 68.

2  69. Allstate denies the allegations in Paragraph 69.

3  70. To the extent Plaintiff states an allegation in Paragraph 70, it is a conclusion of law to which no response is required. Additionally, the statute and case speak for themselves.

5  71. To the extent Plaintiff states an allegation in Paragraph 71, it is a conclusion of law to which no response is required. Additionally, the statute speaks for itself.

7  72. To the extent Plaintiff states an allegation in Paragraph 72, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

9  73. Allstate lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations asserted in Paragraph 73, as the alleged "findings" are not identified, and therefore denies the same. The allegations in Paragraph 17 also appear to be a conclusion of law to which no response is required.

13  74. To the extent Plaintiff states an allegation in Paragraph 74, it is a conclusion of law to which no response is required. Additionally, the statutes speak for themselves.

15  75. To the extent Plaintiff states an allegation in Paragraph 75, it is a conclusion of law to which no response is required. Additionally, the case speaks for itself.

17  76. To the extent Plaintiff states an allegation in Paragraph 76, it is a conclusion of law to which no response is required. Additionally, the quoted but uncited material speaks for itself.

19  77. To the extent Plaintiff states an allegation in Paragraph 77, it is a conclusion of law to which no response is required. Additionally, the statute speaks for itself.

21  78. To the extent Plaintiff states an allegation in Paragraph 78, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

23  79. To the extent Plaintiff states an allegation in Paragraph 79, it is a conclusion of law to which no response is required. Additionally, the cited material (which appears to have been included in Paragraph 80 by mistake) speaks for itself.

26  80. To the extent Plaintiff states an allegation in Paragraph 80, it is a conclusion of law to which no response is required. Additionally, the cited material speaks for itself.

28  81. To the extent Plaintiff states an allegation in Paragraph 81, it is a conclusion of law

to which no response is required. Additionally, the regulation speaks for itself.

82. To the extent Plaintiff states an allegation in Paragraph 82, it is a conclusion of law to which no response is required. Additionally, the regulations speak for themselves.

83. To the extent Plaintiff states an allegation in Paragraph 83, it is a conclusion of law to which no response is required. Additionally, the regulation speaks for itself.

84. To the extent Plaintiff states an allegation in Paragraph 84, it is a conclusion of law to which no response is required. Additionally, the regulation speaks for itself.

85. To the extent Plaintiff states an allegation in Paragraph 85, it is a conclusion of law to which no response is required. Additionally, the statute and regulation speak for themselves.

86. To the extent Plaintiff states an allegation in Paragraph 86, it is a conclusion of law to which no response is required. Additionally, the regulation speaks for itself.

## CLAIMS

### COUNT ONE

87. Allstate repeats and incorporates herein its responses to the prior allegations.

88. Allstate denies the allegations in Paragraph 88.

89. Allstate denies the allegations in Paragraph 89.

90. Allstate denies the allegations in Paragraph 90.

91. Allstate denies the allegations in Paragraph 91.

92. Allstate denies the allegations in Paragraph 92.

### COUNT TWO

93. Allstate repeats and incorporates herein its responses to the prior allegations.

94. Allstate denies the allegations in Paragraph 94.

95. Allstate denies the allegations in Paragraph 95.

96. Allstate denies the allegations in Paragraph 96.

97. Allstate denies the allegations in Paragraph 97.

### PLAINTIFF'S PRAYER FOR RELIEF

98. Allstate denies that Plaintiff is entitled to any of the relief sought in the unnumbered "WHEREFORE" paragraph of the Complaint following Paragraph 97, including Paragraphs A-E

of the Complaint, and otherwise deny all headings in the Complaint. Allstate further specifically denies that Plaintiff is entitled to any relief under the "FTSA" and Fla. Stat. § 501.059, referenced in Paragraph D of the "WHEREFORE" paragraph of the Complaint following Paragraph 97 but not otherwise referenced in the Complaint.

**GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

99. Allstate denies all allegations in the Complaint not specifically admitted herein.

100. Allstate asserts that the Complaint fails to state a claim upon which relief may be granted.

101. Allstate asserts, as affirmative defenses, consent, waiver, acquiescence, ratification, laches, estoppel, assumption of risk, failure to mitigate damages, contributory negligence, comparative fault, and fault of others.

102. Allstate asserts, as an affirmative defense, compliance and/or substantial compliance with 47 U.S.C. § 227(c)(5)(C).

103. Allstate asserts any and all affirmative defenses asserted elsewhere in this Answer.

104. By asserting these defenses, Allstate does not allege or admit that it has the burden of proof and/or burden of persuasion with respect to any of these defenses. Nor does Allstate admit that Plaintiff is relieved of its burden to prove each and every element of its claims and the damages, if any, to which it is entitled. Allstate notes that discovery has not yet begun and reserves the right to amend this Answer to add additional defenses consistent with the facts discovered in the case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Allstate prays for judgment in its favor and against Plaintiff on the claims in the Complaint, awarding Allstate the following relief:

A. An order dismissing the Complaint, with prejudice, and directing that Plaintiff take nothing thereby;

B. An award of Allstate's attorneys' fees and costs incurred herein; and

  C. Such other and further legal and/or equitable relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 2nd day of May, 2025.

          **DICKINSON WRIGHT PLLC**

          By: */s/ Amanda E. Newman*
          Amanda E. Newman
          Turner S. Smith
          1850 N. Central Avenue, Ste. 1400
          Phoenix, AZ  85004-4568
          *Attorneys for Defendant Allstate Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

*/s/ Nicole Francini*
an Employee of Dickinson Wright PLLC