Jason Crews
1515 N Gilbert Rd Suite 107-204
Gilbert, AZ 85233
Telephone: (602) 295-1875
e-Mail: jason.crews@gmail.com

*In propria persona.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews,<br><br>　　　　Plaintiff,<br><br>v.<br><br>The Allstate Corporation,<br><br>　　　　Defendants. | Case No. 2:25-cv-00572-SPL<br><br>**RULE 26(f) JOINT CASE MANAGEMENT REPORT**<br><br>Judge:  Hon. Steven P. Logan |

The parties conferred by phone, on May 19, 2025, to discuss the matters set forth in Rule 26(f)(2). Accordingly, the parties submit this Joint Case Management Report.

### 1. ATTENDANCE

The following persons attended the Rule 26(f) meeting and assisted in developing this report:

Plaintiff Jason Crews

Defense counsel Amanda E. Newman

### 2. SERVICE

There are no parties who have not been served or who, having been served, have not answered or otherwise appeared.

### 3. NATURE OF THE CASE

Plaintiff seeks statutory damages for alleged willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and C.F.R § 64.1200 (the **"TCPA"**).

Plaintiff's claims relate to approximately nine (9) telemarketing calls allegedly received by Plaintiff on his cell phone between November 2022 and February 2025. Plaintiff alleges that Defendant's employees or agents calling on behalf of or at the behest of defendant are responsible for these calls, which were allegedly made using an automatic telephone dialing system (ATDS) and/or prerecorded voice without prior express written consent.

Defendant denies the allegations in the Complaint and has asserted various affirmative defenses thereto.

### 4. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

### 5. ADDITIONS AND AMENDMENTS

The parties do not anticipate adding additional parties or otherwise amend the pleadings at this time. Defendant reserves the right to move the Court to add additional parties and/or amend its pleading at a future date.

### 6. FORTHCOMING MOTIONS

Plaintiff is not presently contemplating a need for either dispositive motions or evidentiary motions, but reserves the right to pursue appropriate relief following further investigation and discovery.

Defendant may file a dispositive motion as to, inter alia, the unavailability of TCPA relief against Defendant for alleged calls made by third parties.

### 7. RELATED CASES

Plaintiff is currently pursuing TCPA claims against other parties in the District of Arizona, but those cases involve different defendants. Defendants' position at this time is that Plaintiff's other TCPA suits are not related to this case.

### 8. DISCOVERY LIMITATIONS

**Plaintiff's Position**

Plaintiff does not propose limits on discovery, and request standard limits as prescribed in the Federal Rules of Civil Procedure.

2

**Defendant's Position**

Defendant does not believe, at this time, that any changes to discovery limitations imposed by the Federal Rules of Civil Procedure are necessary.

### 9. ELECTRONICALLY STORED INFORMATION

Plaintiff's Statement: Plaintiff intends to seek ESI in the form of records and documents which should be readily available to Defendant. Plaintiff will endeavor to limit request in scope to limit the costs associated with discovery of ESI.

Defendant's Statement: No issues related to the preservation, disclosure, or discovery of ESI have arisen or been discussed to-date. Defendant reserves the right to object to Plaintiff's future intended requests for ESI records and documents on all applicable grounds. Defendant also notes it will not produce relevant ESI in this case prior to the parties reaching agreement on an ESI Protocol and the Court entering an appropriate Protective Order.

#### a. ISSUES RELATING TO PRIVILEGE OR WORK PRODUCT

The parties have not yet made any agreement regarding the post-production assertion of attorney-client privilege or work product protection, but anticipate including such a provision in their proposed Protective Order.

#### b. POTENTIAL RULE 502(d) ORDERS

The parties respectfully request the Court enter a Rule 502(d) order permitting the post-production assertion of attorney-client privilege or protection under the work product doctrine at the appropriate time.

### 10. REQUEST FOR JURY TRIAL

A jury trial has been requested and is not contested.

### 11. TRIAL

The parties anticipate that the case will be ready for trial by May 2026 and that trial will last three days.

### 12. EXPEDITED TRIAL ALTERNATIVE

Plaintiff (a *pro se* litigant) certifies that he has considered, and counsel for Defendant certifies that she has discussed with her client, the expedited trial alternative.

**13. CONSENT TO MAGISTRATE JUDGE**

The parties have no objection to the assignment of the case to a magistrate judge, for the purposes of discovery only. At this time, Defendant does not consent to the assignment of the case to a magistrate judge for trial.

**14. SETTLEMENT AND DISPUTE RESOLUTION**

Plaintiff believes the parties could benefit from a court facilitated settlement conference. Defendant is open to discussing a reasonable resolution of this case with Plaintiff, but believes a court-facilitated settlement conference or other form of alternative dispute resolution at such an early juncture would be premature and unlikely to be productive.

**15. MODIFIED PROCEDURES**

None at this time.

**16. ADDITIONAL MATTERS**

The parties have not identified any other matters that will aid the Court in resolving this case at this time.

DATED this 23 day of June, 2025.

By  */s/ Jason Crews*
Jason Crews
1515 North Gilbert Road, Suite 107-204
Gilbert, Arizona 85234

*Plaintiff in pro per*

Dickinson Wright, PLLC

By: *Amanda E. Newman (with permission)*
Amanda E. Newman
Turner S. Smith
1850 North Central Avenue, Suite 1400,
Phoenix, AZ 85004
Anewman@dickinsonwright.com
TSmith@dickinsonwright.com
*Attorneys for Defendant*

4

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I electronically filed the foregoing **RULE 26(f) CASE MANAGEMENT REPORT** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF registrants and mailed and emailed to anyone not registered:

By.     */s/Jason Crews*